**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil No. 11-CV-01254 PJS/JJG**

Michael H. Johnson, Jr.,

        Plaintiff,

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

v.

Wells Fargo Bank, N.A., as trustee for the Holders of the SASCO 2007 MLN1 Trust Fund,

        Defendant.

---

Plaintiff Michael H. Johnson, Jr. respectfully submits the following Memorandum in Opposition to Defendants Motion for Summary Judgment (Doc 31):

**PRELIMINARY STATEMENT**

Previously in this action, the Defendant trustee moved to dismiss and Plaintiff Michael H. Johnson, Jr. cross-moved for summary judgment. At that time the Defendant had made no allegation of being a transferee and holder of the underlying note. Defendant only proffered an assignment of the mortgage. Therefore, Plaintiff's argument for judgment was addressed to the assignment of the Mortgage. Plaintiff argued that the assignment of the mortgage to Defendant's trustee was void as a matter of law, because the transfer of the mortgage was some three years after the startup date of the Defendant trust and, therefore, constituted a prohibited transaction pursuant to the trust agreement. For purposes of brevity, Plaintiff repeats the aforesaid argument

herein by reference to Plaintiff's Memorandum in Support of Plaintiff's prior motion for summary judgment (see Doc 19, pp.5-10).

On September 20, 2011, the Court heard oral argument on the parties' respective dispositive motions. Approximately two hours into the oral argument, Defendant's counsel made a stunning disclosure. He represented to the Court that Defendant was actually in possession of the note. At the point in the proceedings the Court proposed that the parties engage in a brief and limited discovery process, in which Plaintiff would request the note and Defendant would produce it. The Court also suggested that if Defendant could, in fact, establish itself as the holder of the note that Plaintiff ought to consider voluntarily dismissing this action.

As a result of the foregoing, Plaintiff served very limited discovery on Defendant, consisting of 7 requests for document and two interrogatories, all of which pertained only to the alleged assignment or transfer of the note to Defendant. See Declaration of Moshe Mortner ("Mortner Declaration"), filed herewith, Exhibits A and B. However, Defendant's responses failed include a copy of the note, an assignment of the note or the Custodial Agreement, pursuant to which US Bank was to hold the note on behalf of Defendant's trustee.

So, on December 8, 2011, Plaintiff's counsel wrote to Defendant's counsel specifically repeating the request that Defendant produce the note and the Custodial Agreement. See Mortner Declaration, Exhibit C. No supplemental response was received, so Plaintiff's counsel wrote to Defendant's counsel again on January 27, 2012. See Mortner Declaration, Exhibit D. Eventually, Defendant supplied a supplemental response. Nevertheless, Defendant never produced the note, or an assignment or endorsement of the note, or the Custodial Agreement in any of its responses to discovery.

In fact, Defendant did not disclose the note and endorsement herein, until the filing of Defendant's instant motion for Summary Judgment, on June 14, 2012, nine months after representing to the Court that Defendant had it.

As the Court suggested at the oral argument on September 20, 2011, the disclosure of the note with a blank endorsement, even at this late date, should have spelled the end of this action. However, the opposite has occurred. Defendant's documents and allegations submitted in support of the instant motion contain so many material gaps and inconsistencies that they actually raise substantial questions of fact, rather than put them to rest. As a result summary judgment is impossible.

### **SPECIFIC FACTS SHOWING THERE IS A GENUINE ISSUE FOR TRIAL**

The first and most glaring inconsistency in Defendants' claim that the note was duly transferred is Defendant's chronology of events, as described below:

a. On October 20, 2006, Michael H. Johnson, Jr. executed the note in favor of Mortgage Lenders Network USA, Inc. (See Exhibit A of the Affirmation of Jared M. Goerlitz, at page 54 [Doc 34-1]);

b. On September 9, 2006, Defendant claims that the note was transferred to the trust, prior to the date it was executed, stating as follows:

> Here, Plaintiff's mortgage is a MERS mortgage. Although the original note was transferred to the trust on September 9, 2006, the mortgage appropriately remained in the name of MERS and no assignment was required.
> (Defendant's Memorandum in Support of Motion for Summary Judgment [Doc 37], p. 11).

And, stating again, as follows:

> Comparable with Minnesota law, and as noted above, Plaintiff's original note was endorsed in blank and transferred to the trust on September 9, 2006. Defendant

>received and held the original note as required under the terms of the trust agreement.
>
>(Defendant's Memorandum in Support of Motion for Summary Judgment [Doc 37], p. 11).

Nowhere else in the Defendant's motion papers is the transfer of the note alleged. Defendant offers several documents to indirectly show the transfer of a "Custodial File," but no direct evidence is offered that this file even contained the note at the time it was allegedly transferred.

The second fatal inconsistency in the motion papers is that the endorsement of the note appears to be bogus. The note bears an undated, blank endorsement by Mortgage Lenders Network USA, Inc., signed by "Julie Sabon-Van Dyke, Assistant Operations Manager." (See Exhibit A of the Affirmation of Jared M. Goerlitz, at page 58 [Doc 34-1]). However, Plaintiff has discovered that there are at least three distinctly different signatures for "Julie Sabon-Van Dyke" on public real estate documents, and at least two "Julie Sabon-Van Dykes" signing for Mortgage Lenders Network USA Inc. (See Mortner Declaration, Exhibits E, F and G.) Incredibly, on all of these documents, except the note herein, these differing "Julie Sabon-Van Dykes" signatures are witnessed. Thus, it is apparent that all or at least two of these three signature styles is the result of fraud.

Therefore, based on the foregoing, Plaintiff contends that Defendant has failed to establish, upon the documents herein, that the note was duly transferred to Defendant. On the contrary, the documents Defendant submitted to the Court for this motion only raise questions of fact, to wit: (i) only nine months after Defendant's counsel represented that Defendant had the note did Defendant finally disclose the note with an endorsement, (ii) the date the note was allegedly transferred is nonsensical, predating the execution of the note, (iii) the blank endorsement of the note is undated, and (iv) the endorsement itself appears to be bogus.

From these facts and inconsistencies in Defendant's moving papers it is highly plausible that the undated blank endorsement of the note was fraudulently fabricated by Defendant just prior to the instant motion for the purpose of supporting this motion.  Thus, Plaintiff has present specific facts showing there is a genuine issue for trial.  *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  Accordingly, Defendant's motion for summary judgment should be denied.  Fed.R.Civ.P. 56(c).

## CONCLUSION

Based upon the foregoing, plaintiff Michael H. Johnson, Jr. respectfully requests that the Court deny Defendant's motion for summary judgment, and grant such further relief as the Court deems just and proper.

Dated:  July 13, 2012

By _____/s/_____
Paul J. Bosman, I.D. No. 388865
Bittle Bosman LLC
Park Place East
5775 Wayzata Blvd., Ste. 700
St. Louis Park, MN 55416
952-582-2900


By _____/s/_____
Moshe Mortner, Admitted Pro Hac Vice
The Mortner Law Office, PC
40 Wall Street, 28h Floor
New York, NY 10005
646-820-8770